Stanard, J.
If the testamentary provision for the appellee Caroline, contained in the will of Joseph Tweedy, were a pecuniary legacy for which the legatee might assert a claim on his executors, and they in their executorial characters might be held responsible after the surrender of the legacy to the widow, on whom the provision for the said Caroline is charged, no recovery could be had on such claim, because it clearly appears that the personal estate of the testator, exclusive of debts and specific legacies, supplied no fund to pay it. If it be but a mere charge on the legatee, the widow, on whom the duty of making the provision is imposed by the will (and such, I think, is its true character), that legatee, by the acceptance of the legacy, which by just intendment is to be regarded as the consideration for the duty, incurred a responsibility to make the provi *498 sion, which charged her personally as legatee, and not executorially in respect to assets for which, as executrix, she might be liable. The title of the female appellee to the provision became complete, when the legatee, on whom the duty of making it was imposed, got the legacy in consideration of which it was imposed. The title to the provision was consummate at the moment that the subject on which it might be charged became vested in the legatee as such j and at the same time all executorial responsibility therefor terminated, and the personal responsibility of the legatee alone remained. In either, or any just view of the case, the sureties for the performance of the executorial bond were not responsible for the failure to make the provision, of the legatee on whom the duty of making it was imposed, and who had received as legatee the subject bequeathed to her, in consideration of which she was required by the will to fulfil that duty. After mrs. Tweedy had received the legacy bequeathed to her, she alone was responsible to the female appellee.
Mrs. Tweedy being alone responsible to the female appellee, the decree ought to have been against her representative only, and the bill ought to have been dismissed as to the other parties. But the representative of Joseph Tweedy, against whom a decree for the small sum of 9 dollars 49 cents was rendered, not having appealed, and the appellant being in no wise interested in that part of the decree, I think that part of it is not before this court for correction.
As the female appellee was supplied with board &c. by mrs. Tweedy until her marriage in 2819, the representative of mrs. Tweedy ought not to be held responsible for interest on the £ 50. during that time.
Per curiam.
This court is of opinion that the decree, so far as the appellant is directly or indirectly interested therein, that is, so much thereof as subjects the *499 sureties in the executorial bond to responsibility, be reversed and annulled, and that the appellees pay to the appellant the costs expended in the prosecution of his appeal. And this court proceeding to render such decree as the court below ought to have rendered, instead of that hereby reversed, doth adjudge, order and decree that Thomas Dixon sheriff of Campbell, to whom was committed the estate of Fanny Tweedy, out of the assets of his intestate in his hands to be administered, if so much thereof he hath, pay to the appellees the sum of 166 dollars 66 cents with interest thereon from the 1st of January 1819 till paid (subject to a credit of 9 dollars 49 cents as of the 15th of February 1834), and their costs expended in the prosecution of their suit in the superior court; that the bill of the appellees, as to the defendants Robert Tweedy, Archer Williamson and Adler Arrington, be dismissed; and that the appellees pay to those defendants the costs by them in their defence in the superior court expended.